UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESURANCE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

        Plaintiff,

v.

        Civil Case No. 21-11523
        Honorable Linda V. Parker

ANGELA DAVIS,
VITAL COMMUNITY CARE P.C.,
FERNDALE REHABILITATION
CENTER, LLC, AFFILIATED
DIAGNOSTICS LLC, WINFIELD
MEDICAL SOLUTIONS, LLC,
and UNITED LAB RX, LLC.

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF [ECF No. 8]

On June 29, 2021, Plaintiff filed this lawsuit against Defendants alleging insurance fraud under the Michigan no-fault insurance act (Michigan Compiled Law § 500.3101, et seq.).  (ECF No. 1.)  On July 8, 2021, this Court entered an order requiring Plaintiff to show cause, in writing, as to why the action should not be dismissed without prejudice for lack of diversity jurisdiction.  (ECF No. 4.)  Specifically, Plaintiff—a California corporation—named Winfield Medical Solutions, LLC—a California entity—as a defendant.  Plaintiff's response to the

show cause order was due on or before July 22, 2021.  (*Id.* at Pg ID 92.)  Plaintiff failed to respond on or before the due date.  On July 26, 2021, the Court issued a judgment dismissing Plaintiff's Complaint without prejudice.  (ECF No. 6.)  On August 10, 2021, Plaintiff filed an Amended Complaint without leave of court.  (ECF No. 7.)  On the same date, Plaintiff filed the motion presently before the Court, "[Plaintiff's] Motion for Relief from July 26, 2021, Order."  (ECF No. 8.)

Plaintiff requests relief pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60.  In the pending motion, Plaintiff states that the lack of response was "[d]ue to a clerical error/oversight" and that "Plaintiff inadvertently failed to respond…".  (ECF No. 8 at Pg ID 108, ¶¶ 6-7.)  Plaintiff also requests leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) in order to drop Winfield Medical Solutions as a defendant and protect the Court's diversity jurisdiction.  (*Id*. at Pg ID 109, ¶ 10.)

Rule 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires."  This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Several factors are relevant

to whether Petitioner should be allowed to amend his petition, including undue delay, undue prejudice to the opposing party, and futility of amendment. *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citing *Sec. Ins. Co. v. Kevin Tucker & Assocs., Inc.,* 64 F.3d 1001, 1009 (6th Cir.1995). Here, the delay was relatively short, and prejudice is minimal since the parties have not yet been served. Regarding the factor of futility, the Sixth Circuit has found "that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999). The Court is not deciding whether Winfield Medical Solutions is a dispensable party but finds that Plaintiff's request to amend its Complaint is not futile if it will achieve complete diversity.

However, the analysis for a Rule 15(a) motion is more stringent when filed post judgment. "[W]hen a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). In a post judgment context "we must also take into consideration the competing interest of protecting the

'finality of judgments and the expeditious termination of litigation.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Further, "we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id*.

Here, Plaintiff asserts "mistake or inadvertence" as grounds for relief from judgment under Rule 60(b)(1) argument. (*See* ECF No. 8 at Pg ID 108, ¶¶ 6-7.) The Sixth Circuit "has stated that a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an *excusable mistake* or an attorney has acted without authority, or (2) when the judge has made an excusable mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (emphasis added) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).) The Sixth Circuit advises that when determining whether a late filing constitutes excusable mistake, courts should make "an equitable determination that takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Thorn v. Brennan*, 690 F. App'x 390, 392 (6th Cir. 2017) (citing *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir.2001).) Here the pending motion for relief was filed approximately two weeks after the dismissal for lack of subject matter jurisdiction and the Court does not find that granting the motion will

have a detrimental impact on judicial proceedings.

Accordingly

**IT IS ORDERED** that Plaintiff's motion for relief is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: October 29, 2021